UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                          :

THE UNITED STATES OF AMERICA,      :
                                            :

            -against-             :    **MEMORANDUM DECISION AND ORDER**
                                            :

ANTHONY KENNEDY,                :
                                            :

            Defendant.      :    20-cr-239 (BMC)
                                            :
-------------------------------------------------------- X

**COGAN**, District Judge.

       Defendant Anthony Kennedy has moved for reconsideration of the Court's February 3, 2025, Memorandum Decision and Order excluding time under the Speedy Trial Act. His motion is denied.

## BACKGROUND

       Kennedy was one of several defendants tried for crimes related to the "Bully Gang" – an alleged drug-trafficking enterprise headquartered in Brooklyn – and its operations. During the thirteen-week trial, after the government rested, he and several co-defendants moved for acquittal under Federal Rule of Criminal Procedure 29 and, alternatively, for a new trial under Rule 33. The Court deferred decision until the end of trial. The jury found Kennedy guilty of racketeering and five related counts, but it hung on two firearms counts against him. After the jury returned its second partial verdict on June 18, 2024, the Court declared a mistrial on the firearm counts, among others, and deemed Kennedy's motion for acquittal on those two counts filed. The parties jointly proposed a briefing schedule that stretched until November 8, 2024. The Court adopted that schedule, and defendants' final reply brief was filed on November 9, 2024.

The Court denied defendants' motions on January 29, 2025.  Shortly after, the government moved to exclude time under the Speedy Trial Act from the date of the Court's decision to the latest scheduled sentencing date.  Kennedy objected to the request and further stated that, in his view, more than 70 days of non-excluded time had passed since the mistrial was granted on June 18, 2024.  The Court entered an order, which Kennedy now asks it to reconsider, granting the government's request and holding that the lapsed time has been excluded under the Speedy Trial Act.

## DISCUSSION

The Speedy Trial Act provides that "[i]f the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final."  18 U.S.C. § 3161(e).  However, section 3161(e) also expressly recognizes that "[t]he periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section."  Id.

Section 3161(h) lists eight categories of so-called "excludable delay."  The first of these categories covers "[a]ny period of delay resulting from other proceedings concerning the defendant."  Id. at § 3161(h)(1).  The statute then lists enumerated examples, such as "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  Id. § 3161(h)(1)(D).  These examples are not exhaustive; subsection (h)(1) makes clear that it covers periods of delay "including but not limited to" those caused by the listed proceedings.  Id. § 3161(h)(1).

Kennedy contends that, of the 222 days that lapsed between the grant of a mistrial and the Court's denial of his motion for acquittal, 195 days were non-excludable.  He first zeroes in on

section 3161(h)(1)(D).   By its terms, he argues, subparagraph (D) cannot apply to the period the motions were under advisement because they were deemed filed after trial, not before, and subparagraph (D) applies to "pretrial motion[s]."  According to Kennedy, the only subparagraph that applies is subparagraph (H) – which covers delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  Id. § 3161(h)(1)(H).  Thus, he concludes, only 30 days were excludable.

Kennedy is twice wrong.  First, subparagraph (D) straightforwardly applies here.  Sure, the acquittal motion was not made before the initial trial.  But I am not determining whether the time between his indictment and that trial offends the Speedy Trial Act.  I am determining whether the time between "the date the action occasioning the trial becomes final" and the *new* trial offends the Speedy Trial Act.  Id. § 3161(e).  Kennedy's motion for acquittal is thus most naturally understood as a pretrial motion because it was filed before the only trial relevant to section 3161(e): the retrial.

Kennedy's citation to United States v. Tertrou, 742 F.2d 538 (9th Cir. 1984), does not persuade me otherwise.  Because Tertrou is a Ninth Circuit case, it is not "controlling law" overlooked by the Court, and it cannot alone entitle Kennedy to reconsideration.  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  In any event, I doubt the Second Circuit would follow the Ninth Circuit's lead.  The Second Circuit has held that "a motion seeking a legal determination" made before retrial triggers the automatic subparagraph (D) exclusion.  United States v. Shellef, 718 F.3d 94, 111 (2d Cir. 2013).  Under this framework, a motion for a new trial clearly falls within subparagraph (D).  Indeed, other district courts, cited in the Court's

3

original decision, have held precisely that.  See United States v. Agostini, 279 F. Supp. 2d 276, 278 (S.D.N.Y. 2003).[1]

Second, Kennedy's argument rests on a faulty premise – that the subsection (h)(1) examples are exhaustive.  Clearly, they are not.  As mentioned above, subsection (h)(1) excludes "*any* period of delay . . . *including but not limited to*" those listed.  18 U.S.C. § 3161(h)(1) (emphasis added).  A period of delay "similar to the examples given in that section" is excludable under this catchall language.  United States v. Lucky, 569 F.3d 101, 107 (2d Cir. 2009).  At the very least, Kennedy's motion looked strikingly like a pretrial motion, and therefore the time from "filing" to "prompt disposition" would be excludable under the catchall if not excludable under subparagraph (D).

In his reply brief, Kennedy responds by pointing to the Supreme Court's decision in Bloate v. United States, 559 U.S. 196, 203 (2010), which held that whenever an enumerated period of delay is applicable, its language controls over the catchall provision.  Because subparagraph (H) automatically excludes the time his motion was under advisement, he argues, the catchall cannot apply.

This clashes with the language of the statute and the logic of Bloate.  The Bloate Court found a linguistic conflict when the district court used the catchall to *extend* periods of delay beyond what was automatically excluded in the enumerated sections.  It rejected a district court's attempt to exclude under the catchall a period before a motion was filed, in direct conflict with subparagraph (D)'s "from the filing of the motion" trigger.  No such clash is present here, at least with respect to the time between filing and advisement.  Subparagraph (H) governs the

---

[1] Frankly, I am also unsure the Ninth Circuit squarely addressed the interpretative question at issue here.  It held that post-trial motions for acquittal did not fall within subparagraph (D) – which was then subparagraph (J) – but only after the government "confesse[d] error on the Speedy Trial Act issue."  Tertrou, 742 F.2d at 539.  If the court had the benefit of full briefing, the text and structure of the statute might have led it to a different conclusion.

advisement period only – additionally excluding time from filing to advisement presents no conflict.

This leads me to Kennedy's strongest argument: that the period from December 9, 2024, 30 days after the last reply brief was filed, to January 29, 2025, the date of the decision, is non-excludable. Specifically, he is right that a "prompt disposition" under subparagraph (D) cannot last longer than 30 days. See Henderson v. United States, 476 U.S. 321, 329 (1986). It might follow, then, that the same 30-day clock applies to the advisement period here, even under the catchall. See id. (holding that subparagraph (D) cannot be used to extend subparagraph (H)'s 30-day window for motions decided without hearings). Yet, regardless of how this thorny question is properly answered, Kennedy is not entitled to reconsideration.[2] Even if Kennedy is right that the 30-day advisement period began on November 9, 2024, only 51 non-excludable days elapsed between December 9, 2024, and January 29, 2025, leaving him 19 days short of the 70-day requirement.

Accordingly, the motion for reconsideration is denied.


**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.


Dated: Brooklyn, New York
        March 18, 2025

---

[2] I tend to think that Henderson's reasoning does not apply to motions for acquittal. The Supreme Court pointed out there that the 30-day window should apply to pretrial motions decided on the papers because "[i]f motions are so simple or routine that they do not require a hearing, necessary advisement time should be considerably less than 30 days." Id. at 329. That is not the case with motions for acquittal. There is little reason for a district court to hold a hearing on acquittal motions because it already presided over trial, but the motions are often far from "simple or routine." Id. The post-trial motions here were anything but.